IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x
LOUIS DREYFUS COMPANY FREIGHT ASIA PTE LTD
(f/k/a LOUIS DREYFUS COMMODITIES FREIGHT         CIVIL ACTION #
ASIA PTE LTD),

                                           Plaintiff,

      v.                                                                            **ADMIRALTY**

UTTAM GALVA STEELS LIMITED,

                                           Defendant.

      And

UTTAM GALVA NORTH AMERICA, INC.

                                           Garnishee
---------------------------------------------------------------------x

## VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff Louis Dreyfus Company Freight Asia Pte. Ltd. (f/k/a Louis Dreyfus Commodities Freight Asia Pte. Ltd.) ("LDCF" or "Plaintiff"), by its attorneys, Palmer Biezup & Henderson, LLP, as and for its Verified Complaint against Defendant Uttam Galva Steels Limited ("UG Steels"), alleges upon information and belief as follows:

      1.      This is a case of admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

## PARTIES

2. At all relevant times, LDCF was and still is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located in Singapore.

3. At all relevant times, defendant UG Steels was and still is a corporation or other business entity organized and existing under the laws of India with an office and place of business located at Uttam House, 69, P. D'Mello Road, Mumbai, India 400009.

4. At all relevant times, non-party Uttam Galva Metallics Limited ("UG Metallics") was and still is a corporation or other business entity organized and existing under the laws of India with an office and place of business at Uttam House, 69, P. D'Mello Road, Mumbai, India 400009. The fact that this Complaint does not seek the maritime attachment of property belonging to UG Metallics is without prejudice to any and all claims which LDCF has against UG Metallics, expressly including, without limitation, those claims which LDCF is pursuing against UG Metallics by way of arbitration proceedings pending pursuant to the rules of the Singapore International Arbitration Centre ("SIAC").

5. Defendant UG Steels has no known office, business presence or agent(s) in the District of Delaware.

6. Garnishee Uttam Galva North America, Inc. ("UG North America") is a corporation organized and existing under the laws of the state of Delaware, with a registered agent located at Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE, 19958.

## UNDERLYING EVENTS

7. The underlying merits of all claims set forth herein, and/or related hereto, are governed by English law and subject to arbitration to be conducted pursuant to the rules of SIAC.

PBH518368.1

LDCF accordingly brings this action with a full reservation of its rights to pursue arbitration of all underlying disputes, and the instant proceeding is brought to: (a) establish *quasi in rem* jurisdiction over UG Steels pursuant to Supplemental Rule B of the Supplemental Rules for Admiralty or Maritime Claims; and (b) obtain security for LDCF's claims against UG Steels.

### The COAs

8.  By way of background only, it should be noted that LDCF entered into two long-term, maritime contracts of affreightment (the "First COA" and the "Second COA") with non-party UG Metallics.

9.  With respect to the First COA, on or about April 4, 2014, LDCF (as owners) and UG Metallics (as charterers) entered into a COA for the carriage of ten cargoes of 75,000 MT each (10% more or less in owners' option) harmless coking coal from certain Australian ports to certain Indian ports. The shipments were to be made on a fairly and evenly spread basis during the period April 1, 2014 through March 31, 2015. Further detailed terms were set forth in the First COA. Additionally, the First COA provided that the underlying merits of any disputes would be resolved by arbitration, conducted outside of the United States at a seat and in accordance with arbitral rules set forth in the First COA, with English law to apply.

10. With respect to the Second COA, on or about November 24, 2014, LDCF (as owners) and UG Metallics (as charterers) entered into a COA for the carriage of ten cargoes (minus one in charterers' option) of 75,000 MT each (10% more or less in owners' option) harmless coking coal from certain Australian ports to certain Indian ports. The shipments were to be made on a fairly and evenly spread basis during the period May 1, 2015 through April 30, 2016. Further detailed terms were set forth in the Second COA. Additionally, the Second COA provided that the underlying merits of any disputes would be resolved by arbitration, conducted outside of the

PBH518368.1

United States at a seat and in accordance with arbitral rules set forth in the Second COA, with English law to apply.

11. Accordingly, pursuant to both the First COA and the Second COA, UG Metallics owed obligations to provide ten cargoes (per COA and with a minus one option under the Second COA only) in the aforementioned amounts to be carried on vessels provided by LDCF, and UG Metallics also owed obligations to make payments due on account of such voyages and contemplated voyages.

12. With respect to the First COA, UG Metallics only provided eight cargoes for shipment such that two shipments went unfulfilled, causing LDCF to suffer damages equal to, at least, **$1,505,239.81** plus interest which continues to accrue.

13. With respect to the First COA, UG Metallics also breached its obligations by failing to pay the full amount of freight and demurrage which became due on account of the cargoes which were provided. Unpaid freight and demurrage amount to the total, principal sum of **$274,472.11** plus interest which continues to accrue.

14. Accordingly, the total, principal amount of **$1,779,711.91**, plus interest which continues to accrue, remains due and outstanding under the First COA. (Amounts due pursuant to the Second COA are not pertinent to the instant Rule B proceeding and LDCF expressly reserves all of its rights with respect to the same.)

15. Additionally, interest accrued under the First COA amounted to **$116,818.53** as of November 15, 2017, and such interest continues to accrue.

16. In addition to commencing and pursuing arbitration proceedings against (non-party here) UG Metallics, as is further set forth below, LDCF has commenced and is pursuing arbitration proceedings against UG Steels for all amounts due under the First COA, inclusive of interest which

continues to accrue. LDCF estimates that its costs (incurred and projected) for enforcing its rights against UG Steels (in the arbitration proceedings against UG Steels) will equal, at least, approximately **$40,000.00**.

### The Deed of Tripartite Payment Assumption and Indemnity Amongst LDCF, UG Metallics and UG Steels

17. On or about February 27, 2015, LDCF, UG Metallics and UG Steels entered into a written agreement captioned as a "Deed of Tripartite Payment Assumption and Indemnity" (the "Tripartite Agreement" (a copy of which is annexed hereto as Exhibit A).

18. By way of its recitals, the Tripartite Agreement provided, in pertinent part, that:

a. Pursuant to its Recital A, "WHEREAS, [LDCF] concluded Charter Party with UTTAM GALVA METALLICS LTD dated 4th April 2014 (the "Contract");

b. Pursuant to its Recital B, "WHEREAS, UTTAM GALVA METALLICS LTD wishes for UTTAM GALVA STEEL LIMITED to duly assume the payment obligations under the Contract";

c. Pursuant to its Recital C, "WHEREAS, UTTAM GALVA METALLICS LTD now wishes for [LDCF] to accept payment from UTTAM GALVA STEEL LIMITED in full discharge of UTTAM GALVA METALLICS LTD'S payment obligations under the Contract"; AND

d. Pursuant to its Recital D, "WHEREAS, [LDCF] seeks an indemnity from UTTAM GALVA METALLICS LTD for accepting payment from a third party outside the Contract, and UTTAM GALVA METALLICS LTD agrees to provide such an indemnity."

19. The Tripartite Agreement's reference to the 4 April 2014 charter party was an express reference to the First COA.

PBH518368.1

20. In light of those recitals, the Tripartite Agreement provided that "the Parties [i.e., LDCF, UG Metallics and UG Steels] agree[d], in pertinent part, as follows:

a. Pursuant to Article 1.1 that "UTTAM GALVA METALLICS LTD represent[ed] and warrant[ed] that any and all payment obligations which UTTAM GALVA METALLICS LTD *had or will have* under the Contract (the "Payment Obligations") are duly assumed by the UTTAM GALVA STEEL LIMITED *fully and absolutely*" (emphasis added);

b. Pursuant to Article 1.2 that "[i]n the event UTTAM GALVA STEEL LIMITED fails to discharge the Payment Obligations, or any obligations under this Agreement then [LDCF] *may demand* that (i) UTTAM GALVA METALLICS LTD procure UTTAM GALVA STEEL LIMITED's proper performance of this Agreement or any Payment Obligations, or failing that, (ii) UTTAM GALVA METALLICS LTD shall perform this Agreement, or all or part of the outstanding Payment Obligations, in place of the UTTAM GALVA STEEL LIMITED" (emphasis added);

c. Pursuant to Article 1.3 that "[u]pon UTTAM GALVA STEEL LIMITED's full and complete discharge of the Payment Obligations UTTAM GALVA METALLICS LTD shall be released from their Payment Obligations";

d. Pursuant to Article 1.4 that "[t]his Agreement is without prejudice to [LDCF's] and UTTAM GALVA METALLICS LTD's rights, powers, authorities, discretions, remedies, obligations and benefits under the Contracts"; AND

e.  Pursuant to Article 1.5 that "[a]ll Parties have received good and valuable consideration for this Agreement, and such consideration is hereby acknowledged by all Parties."

21. Accordingly, pursuant to the Tripartite Agreement, which bears signatures and stamps for UG Steels and UG Metallics, UG Steels assumed any and all payment obligations which UG Metallics had – or would thereafter incur – under the First COA. Other entities (several of which, on information and belief, are affiliated with UG Metallics and/or UG Steels) entered into similar tripartite agreements with LDCF and UG Metallics.

22. As set forth above, not all payment obligations due under the First COA have been made. Indeed, the total principal amount of **$1,779,711.92**, plus interest which continues to accrue, remains due and outstanding under the First COA. As of November 15, 2017, interest under the First COA amounted to approximately **$116,818.53**, and interest continues to accrue. LDCF also estimates that the costs (incurred and projected) for enforcing its rights against UGSL in arbitration will equal at least, approximately, **$40,000.00** (recoverable under the applicable arbitral rules).

23. Therefore, the aggregate amount of LDCF's claim against UG Steels for its failure to perform its obligations under the Tripartite Agreement by which UG Steels assumed UG Metallics' payment obligations under the First COA, as best can now be calculated, stands at, at least, **$1,936,530.45**.

**FIRST CAUSE OF ACTION**
**(Breach of maritime contract against UG Steels)**

24. Paragraphs 1 through 23 of this Complaint are repeated and realleged as if the same were set forth here at length.

25. UG Steels assumed all of UG Metallics' obligations to make payments under the First COA, including all obligations to make payments which UG Metallics "had or will have"

7

<u>under the First COA</u>. While agreements similar to the concerned Tripartite Agreement were entered into with other parties in addition to LDCF and UG Metallics, those additional agreements did not impact the scope of obligations which UG Steels assumed on or about February 27, 2015.

26. Payments remain outstanding under the First COA, and thereby also under the Tripartite Agreement.

27. UG Steels is therefore liable to LDCF for breach of payment obligations under the First COA which it assumed by way of the Tripartite Agreement, and the amount of such liability, as best can now be estimated, is equal to at least **$1,936,530.45.**

## **RULE B ATTACHMENT**

28. Paragraphs 1 through 27 of this Complaint are repeated and realleged as if the same were set forth here at length.

29. Pursuant to the terms of the First COA, as incorporated by the Tripartite Agreement, disputes are to be resolved by arbitration, conducted outside of the United States at a seat and in accordance with arbitral rules set forth in the First COA, with English law to apply. LDCF has accordingly commenced and is pursuing arbitration of its claims against UG Steels in arbitration under the rules of the SIAC. (LDCF has also commenced and is pursuing arbitration of its claims against UG Metallics in arbitration under the rules of SIAC). LDCF therefore expressly reserves the right to arbitrate the merits of all underlying disputes (whether arising under the Tripartite Agreement, the First COA, the Second COA, or otherwise as may be applicable). LDCF brings this action solely to establish *quasi in rem* jurisdiction over UG Steels and obtain security under Supplemental Admiralty Rule B for its damages, plus interest and the costs for the arbitration with respect to its claims against UG Steels.

PBH518368.1

30. Upon information and belief, and after investigation, UG Steels cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, but LDCF is informed that UG Steels has, or will shortly have, property subject to attachment within this District. (See Declaration of Edward W. Floyd, attached hereto as Exhibit B).

31. Specifically, UG Steels owns an entity called Uttam Galva North America, Inc. ("UG North America") which is a corporation organized and existing under the laws of the state of Delaware, with a registered agent located at Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE, 19958.

32. Accordingly, UG Steels' ownership of UG North America constitutes property of UG Steels which can be attached within this District pursuant to Supplemental Admiralty Rule B.

33. The total amount sought to be attached pursuant to Supplemental Admiralty Rule B by LDCF against UG Steels includes: (i) the principal claim in the amount of **$1,779,711.92**; (ii) interest of **$116,818.53**, as of November 15, 2017, plus all additional amounts accruing thereon; and (iii) estimated attorneys' fees and disbursements, together with the costs of the arbitration, including arbitrators' fees, all of which are recoverable under applicable arbitral rules, in the estimated amount of at least **$40,000**, for a total claim of **$1,936,530.45.**

**WHEREFORE**, Plaintiff prays as follows:

1. That process in due form of law according to the practice of this Court may issue against UG Steels;

2. That the Court, in accordance with the provisions of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, direct the issuance of Process of Maritime Attachment and Garnishment attaching all of the personal property, both tangible and intangible, in the hands

of Garnishee UG North America served in this District, consisting of debts, credits, or effects, including but not limited, to: corporate stock and /or shares and /or limited liability company interests UG Steels owns in any business entities, corporations and/or limited liability companies named as garnishees in the Process of Maritime Attachment and Garnishment; any debts, whether matured or un-matured, owing to UG Steels by such garnishees; and any accounts, checks, payments, transfers, and any other tangible or intangible property whatsoever of which UG Steels is the beneficiary, in the hands of garnishees named in the Process of Maritime Attachment and Garnishment up to the amount of **$1,936,530.45** so as to establish *quasi in rem* jurisdiction over UG Steels and to serve as security for subsequent enforcement of an arbitral award and judgment; and

    3.    That the Court grant such other, further and different relief as may be just, proper and equitable.

                                                              PALMER BIEZUP & HENDERSON LLP

Dated: November 21, 2017            By:   /s/ Michael B. McCauley
                                                              Michael B. McCauley (ID 2416)
                                                              1223 Foulk Road
                                                              Wilmington, DE 19803
                                                              (302) 594-0895
                                                              mccauley@pbh.com
                                                              Attorneys for Plaintiff Louis Dreyfus
                                                              Company Freight Asia Pte. Ltd.

OF COUNSEL:

PALMER BIEZUP & HENDERSON LLP
Kevin G. O'Donovan
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-9900

PBH518368.1

Edward W. Floyd
Floyd Zadkovich (US) LLP
260 Madison Avenue, 8th Floor
New York, NY, 10016

11